UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY COLLINS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11CV328 CAS |
| ) | (TIA) |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition of Bobby Collins, Jr., for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

## Background

On March 17, 2002, Petitioner, who was armed with a gun, broke into the victim's home while she was sleeping and proceeded to rape, beat, rob, and bind the victim. State v. Collins, 188 S.W.3d 69, 72 (Mo. Ct. App. 2006). DNA evidence and identification through a photographic line-up linked Petitioner to the crime. Id. at 73. On December 9, 2004, a jury found Petitioner guilty of one count of burglary in the first degree, ten counts of armed criminal action, one count of robbery in the first degree, four counts of forcible sodomy, one count of attempted forcible sodomy, two counts of forcible rape, and one count of kidnaping. Id. The Circuit Court for the City of St. Louis, Missouri entered a written sentence and judgment of a total of 510 years in prison, but orally sentenced Petitioner to consecutive sentences totaling 480 years' imprisonment. Id. at 78. In a decision dated February 21, 2006, the Missouri Court of Appeals reversed one count of armed criminal action and remanded the case to the trial court for

entry of a corrected written sentence consistent with the oral pronouncement of sentence. Id. at 79.

Petitioner then filed a *pro se* motion for post-conviction relief under Missouri Supreme Court Rule 29.15 on August 7, 2006 and an amended motion through counsel on October 19, 2007. (Resp't's Ex. G 3-19, 66-101) On August 11, 2009, the trial court denied Petitioner's Rule 29.15 motion without an evidentiary hearing. (Resp't's Ex. G 102-117) The Missouri Court of Appeals affirmed the lower court's denial of post-conviction relief on May 4, 2010. (Resp't's Ex. J) On February 22, 2011, Petitioner filed the present petition for habeas relief in federal court. Petitioner is currently serving out his sentence at the Potosi Correctional Center located in Mineral Point, Missouri.

## **Petitioner's Claims**

In his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, Petitioner raises three claims for federal habeas relief:

(1) Trial counsel was ineffective for failing to request a mistrial after a juror asked if the victim was a patient at the hospital where the juror worked;

(2) Trial counsel was ineffective for failing to move to strike juror Nichols when the juror revealed that he was acquainted with Detective Noble, one of the State's witnesses; and

(3) Trial counsel was ineffective for failing to present evidence from an independent DNA laboratory which would have refuted the State's DNA evidence.

## **Legal Standards**

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681

(8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

3

To establish ineffective assistance of counsel, a petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. Id. at 694; Bucklew, 436 F.3d at 1016. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." Bucklew, 436 F.3d at 1016 (citation omitted). Further, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Id. (citation omitted). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed de novo, and state court findings of fact are presumed to be correct under 28 U.S.C. 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

## IV. Discussion

### Claim One

Petitioner first contends that he received ineffective assistance of counsel because counsel failed to request a mistrial after one of the jurors sent a note to the judge during deliberations indicating that the victim may have been a patient at the hospital where the juror worked. (Resp't's Ex. A 313-14) The court responded that it could not answer the question. (Id. at 314) The Missouri Court of Appeals addressed this claim and found:

> In his first point on appeal, Movant argues that counsel was ineffective because he failed to move for a mistrial when a juror disclosed that they possibly knew the victim through working at the

4

> hospital where the victim was treated after Movant's attack. We disagree.
>
> Twenty-two minutes into the jury's deliberations, the jury sent out a note from an anonymous juror stating that the juror worked at a hospital and that the victim may have been treated there after the attack. Further, the juror asked the trial court to confirm that the victim had been to the hospital where the juror worked. The trial court told the jury that it could not answer the question. Movant argues that this amounts to an intentional concealment of the truth by the juror, and thus a mistrial was appropriate.
>
> Movant is correct in stating that a juror intentionally concealing the truth when asked during voir dire is grounds for a new trial. State v. Martinelli, 972 S.W.2d 424, 432 (Mo. App. E.D. 1998). During voir dire, counsel asked if anyone knew the victim, and the juror did not respond. However, we find that the non-disclosure was unintentional. The note simply says that the victim may have been a patient at the hospital where the juror worked. The note's question, "was [the victim] a patient [at the hospital]?" indicates that the juror was unsure whether or not the victim was at the hospital. At most, the juror saw the victim at the hospital where she works. Nothing in the note amounts to evidence of an intentional concealment of the truth by the juror. Point denied.

(Resp't's Ex. J 3)

Respondent asserts that the state court's determination that the juror did not intentionally fail to disclose was reasonable and that counsel was not ineffective for failing to raise a meritless motion. Petitioner argues that the documents from the Missouri state post-conviction relief proceedings are too unreliable to be binding on this Court under 28 U.S.C. § 2254. The undersigned finds that Petitioner's first claim should be denied because it lacks merit.

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable

5

application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)). "Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Id.; see also Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (where state court correctly identifies Strickland as the controlling authority, federal courts "address whether the state court unreasonably applied that precedent and whether the state court unreasonably determined the facts in light of the evidence presented."); Barnett v. Roper, No. 4:03CV00614 ERW, 2006 WL 2475036, at *44 (E.D. Mo. Aug. 24, 2006) (finding that, where a state court does not explicitly cite Strickland, the court satisfies the standard by applying the Strickland prongs in its analysis). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Bucklew, 436 F.3d at 1016 (citation omitted). Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced during the trial. Strickland, 466 U.S. at 687.

The record shows that the juror asked whether the victim was a patient at the hospital where the juror worked, indicating that the juror did not know the victim or interact personally with the victim. (Resp't's Ex. A 314) Further, Petitioner presents no evidence demonstrating that the juror intentionally failed to disclose an acquaintance with the victim or was biased in any way. See Sanders v. Norris, 529 F.3d 787, 794 (8th Cir. 2008) (finding that the petitioner could not prevail on an ineffective assistance of counsel claim where petitioner had not shown that a juror was biased in fact or impliedly resulting in prejudice to the petitioner).

To be entitled to habeas relief on the basis of a juror's failure to disclose a material fact during voir dire, a petitioner bears the burden not only to show that a juror failed to disclose the information but also to establish that the juror was in fact biased. Fuller v. Bowersox, 202 F.3d 1053, 1056 (8th Cir.2000). A juror's apparent dishonesty is not a sufficient reason to obtain a new trial, and only explanations for failing to disclose information that affect a jurors impartiality can impact the fundamental fairness of a trial. Id. (citations omitted). In Fuller, the Eighth Circuit Court of Appeals found that a juror's failure to reveal that he previously worked for a law enforcement agency and that his mother worked as a jailer at the facility where the defendant was held during trial did not violate the petitioner's right to an impartial jury and right to due process, in light of the lack of evidence of juror bias. Id. at 1057-58; see also Eggemeyer v. Roper, No. 4:02CV01486 CEJAGF, 2006 WL 355258, at *11 (E.D. Mo. Feb. 15, 2006) (finding no bias where the juror did not reveal that his uncle was the victim of a homicide when the juror was a toddler).

In the instant case, the motion court found, "[t]here is no reason to suppose that the juror's failure to disclose this information sooner was intentional; she was not certain she had seen the victim at the hospital or when she may have seen the victim; and her note does not indicate she had any direct knowledge about the victim." (Resp't's Ex. G 107) Because Petitioner's argument that the juror intentionally concealed the truth is factually meritless, "counsel was not ineffective for failing to make this argument, and [petitioner's] counsel's trial strategy cannot be challenged on the basis of a meritless claim." Thai v. Mapes, 412 F.3d 970, 979 (8th Cir. 2005). Thus, the state court's decision was not contrary to, nor an unreasonable application of, federal law, and Petitioner's first ground for habeas relief should be denied.

## Claim Two

Petitioner next claims that trial counsel was ineffective for failing to move to strike juror Nichols when the juror revealed that he was acquainted with Detective Noble, one of the State's witnesses. The record shows that, during voir dire, the court questioned juror Nichols outside the presence of the jury after Detective Noble recognized juror Nichols:

> THE COURT: Mr. Nichols, would you please step up here?
>
> VENIREPERSON NICHOLS: To there?
>
> THE COURT: Yes. Sir, when Detective Noble testified, he was visibly upset and that's because he knows you.
>
> VENIREPERSON NICHOLS: Yes, ma'am.
> THE COURT: Do you believe that despite your – whatever personal relationship you have with Detective Noble, that you can be a fair and impartial juror?
>
> VENIREPERSON NICHOLS: Yes.
>
> THE COURT: Do you believe that the fact that someone you knew testified in the trial would in any way influence your objectivity in this situation?
>
> VENIREPERSON NICHOLS: No, ma'am. Like I said I see Rick [Noble] maybe two or three times a year. So it's not like he's somebody on regular acquaintance with me.
>
> THE COURT: Does either counsel have any further questions?
>
> [PROSECUTOR]: No, your honor.
>
> [DEFENSE COUNSEL]: When you say you see him two or three times a year, where do you see him?
>
> VENIREPERSON NICHOLS: Out in passing. He's more friends with my brother than he is with me, and that's the only reason I know him. I saw him at 7-11 a couple months ago and had a two-minute discussion with the gentleman.

> [DEFENSE COUNSEL]: And he never discusses any of his work with you?
>
> VENIREPERSON NICHOLS: Not in any detail, no.
>
> [DEFENSE COUNSEL]: No further questions.
>
> THE COURT: Anything further?
>
> VENIREPERSON NICHOLS: I was going to say I would have said I knew him, but his name was not brought earlier in the jury panel.
>
> THE COURT: Right. Sometimes things like this happen.

(Resp't's Ex. A 297-98)

The motion court found that the foregoing exchange established that juror Nichols could be fair and impartial and that his limited acquaintance with Detective Noble would not influence his decision. (Resp't's Ex. G 109) On appeal, the Missouri appellate court agreed with the motion court, finding:

> In Movant's second point on appeal, he argues that counsel was ineffective for failing to strike Juror Nichols on the basis that he knew witness Detective Noble. We disagree.
>
> During his testimony, Detective Noble told the trial court that he knew Juror Nichols. When asked by the trial court, Nichols stated that Detective Noble was a friend of his brother and that he knew him in passing. The trial court asked Nichols if he felt he could be a fair and impartial juror despite his knowing Detective Noble, and he responded affirmatively. The mere fact of acquaintance with a witness in a criminal case does not disqualify a juror absent some showing of prejudice or bias. State v. Walton, 796 S.W.2d 374, 378 (Mo. banc 1990). Nichols stated on the record that despite his familiarity with Detective Noble, he could be fair and impartial. Therefore we find that Movant was not prejudiced. Point denied.

(Resp't's Ex. J 4)

9

The Court finds that Petitioner's second ground lacks merit. The state court not only noted Juror Nichol's affirmation of impartiality, but also the fact that Petitioner's counsel questioned the juror before proceeding with the trial. As previously stated, to be entitled to habeas relief on the basis of a juror's failure to disclose a material fact during voir dire, a petitioner bears the burden not only to show that a juror failed to disclose the information but also to establish that the juror was in fact biased. Fuller v. Bowersox, 202 F.3d 1053, 1056 (8th Cir.2000). "A state court's finding that a juror was not actually biased, however, is presumptively correct." Taylor v. Purkett, No. 4:06-CV-48 (CEJ), 2009 WL 90357, at *8 (E.D. Mo. Jan. 14, 2009) (citing Sanders v. Norris, 529 F.3d 787, 791 (8th Cir. 2008)).

Further, with regard to ineffective assistance of counsel claims, even if sufficient proof of deficient performance exists, petitioner is only entitled to relief if he also proves that counsel's deficient performance prejudiced the case. Strickland, 466 U.S. at 697. "The Supreme [C]ourt has presumed prejudice in very limited circumstances; prejudice is not presumed when a defendant claims ineffective assistance of counsel for inaction in voir dire." Barnett v. Roper, No. 4:03CV00614 ERW, 2006 WL 2475036, at *43 (E.D. Mo. Aug. 24, 2006).

Here, Petitioner has failed to demonstrate that the inclusion of juror Nichols prejudiced him. Taylor, 2009 WL 90357, at *2. Thus, trial counsel was not ineffective for not moving to strike "a juror who did not misstate his connection to the case during voir dire, who did disclose his tenuous connection to the victim as soon as he realized there was one, and who affirmed that he could be fair and impartial. Id. at *9. Therefore, Petitioner's second ground for habeas relief should be denied.

## Claim Three

Petitioner's final claim alleges that trial counsel was ineffective for failing to present testimony and evidence from an independent DNA laboratory that allegedly would have refuted the state's DNA evidence. In his original post-conviction motion, Petitioner raised several claims pertaining to the DNA evidence, which his attorney incorporated into the amended motion for post-conviction relief. (Resp't's Ex. G 66-101) On appeal, counsel raised the same argument that Petitioner raises in his habeas petition. The Missouri Court of Appeals addressed the claim and found:

> In his final point on appeal, Movant argues that counsel was ineffective for failing to present testimony and evidence from an independent DNA lab that refuted the State's DNA evidence. We disagree.
>
> At the end of the trial, the trial court questioned Movant regarding his right to testify and present evidence. Movant told the court that he wanted to evaluate the DNA evidence at an independent DNA lab and present retested DNA evidence, but that counsel did not do so. Counsel stated that they did retain a DNA expert to evaluate and analyze the DNA. After, talking with the expert, however, counsel decided that it would not be a good strategy for the defense to retest the DNA evidence. Choice of trial strategy is not a foundation for finding ineffective assistance of counsel. State v. Vinson, 833 S.W.2d 399, 409 (Mo. App. E.D. 1992). Because Movant's points of error are conclusively refuted by the record, the trial court did not err in denying Movant's motion without an evidentiary hearing. Point denied.

(Resp't's Ex. J 4)

The court finds that the state court's determination that counsel was not ineffective is not contrary to, nor an unreasonable application of, federal law. Trial counsel testified that the defense retained an expert company, Bioformatic Forensics, that evaluates and analyzes DNA

11

evidence. (Resp't's Ex. A 296) While Petitioner expressed an interest in retesting the specimen, counsel indicated that a discussion with the forensic analyst led her to believe that retesting the evidence would not be good for the defense. (Id. at 296-97) Under Strickland, decisions related to trial strategy are virtually unchallengeable. Strickland, 466 U.S. at 690.

The Court finds that counsel's decision not to retest the evidence in an effort to present the best defense was not contrary to what other reasonable attorneys would have done. Although Petitioner has presented an alternative strategy, "his counsel's choice of strategy must be given great deference, even if [Petitioner] now believes that a different strategy may have been more beneficial." Head v. Bowersox, No. 4:11CV741 CDP, 2012 WL 482259, at *4 (E.D. Mo. Feb. 14, 2012). Counsel cross-examined the DNA analyst and raised the possibility of false positive results and cross-contamination, as well as questions about the proficiency of and safeguards utilized in the lab.[1] (Resp't's Ex. A 285-88) Petitioner has not presented any evidence showing

---

[1] Petitioner has submitted a Declaration from Carrie Rowland, the analyst at Forensic Bioinformatics. Ms. Rowland stated that she prepared a report and spreadsheet summary of the prosecution's evidence in Petitioner's case. She had no recollection of any communication with trial counsel but indicated that "re-testing would create the false impression that the new test results reinforced the prosecution's conclusions from the initial testing." (Rowland Decl. ¶ 12, ECF No. 13-2) Ms. Rowland also mentioned commonly encountered problems with DNA testing which included contamination, questions about provenance, and mislabeling. (Id.) She concluded that advice from an analyst not to retest did not amount to an endorsement that the DNA testing was evidence of guilt or an indication that defense counsel should not engage in detailed cross-examination. (Id. at ¶ 13) Petitioner somehow believes that this declaration proves trial counsel's ineffectiveness. However, Ms. Rowland is not an attorney; trial counsel did cross-examine the state's DNA analyst at trial regarding false positive results, contamination, lab proficiency, and safeguards; and counsel explained to the trial court that retesting was not good for the defense. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. In this case, Petitioner has failed to overcome the presumption that, under the circumstances, counsel's challenged action could be considered sound trial strategy. Id.

that the outcome of the trial would likely have been different had the specimen be retested or had the independent lab presented its report, given the DNA explanations and the corroborating evidence presented to the jury. Head, 2012 WL 482259, at *5. Thus, because Petitioner has failed to demonstrate that trial counsel's performance was deficient and that such performance prejudiced him, Petitioner's third ground for habeas relief should be denied as without merit.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition of Bobby Collins, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   30th   day of January, 2014.